IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTRUCTURE MANAGEMENT, INC. | * | |
| | * | |
| v. | * | Civil No. RDB-16-2309 |
| | * | |
| MUKESH MAJMUDAR, HOPKINS | * | |
| HOSPITALITY INVESTORS, LLC, | * | |
| HOPKINS INVESTORS, LLC, and STAR | * | |
| DEVELOPMENT GROUP, LLC | * | |
| | * | |

********

## MEMORANDUM

Plaintiff Constructure Management, Inc. ("CMI") brings this lawsuit against defendants Mukesh Majmudar ("Majmudar"), Hopkins Hospitality Investors, LLC, Hopkins Investors, LLC, and Star Development Group, LLC ("Star") seeking damages for alleged fraud relating to a construction project. Now pending is plaintiff CMI's motion for voluntary dismissal without prejudice (ECF No. 60). For the reasons set forth below, CMI's motion is granted.

## BACKGROUND

This dispute concerns alleged fraud by Majmudar, the Hopkins defendants, and Star in connection with the funding of a construction project. CMI entered into a contract ("Contract") with Star on April 8, 2013 to serve as the general contractor for the construction of a hotel in Laurel, Maryland (the "Project").[1] (ECF No. 1, ¶ 9). Hopkins Hospitality Investors, LLC and Hopkins Investors, LLC (collectively "Hopkins") owned the Project, and Star is an affiliate of Hopkins. *Id.* at ¶¶ 12, 16. Majmudar was the managing member of Hopkins and Star during the relevant times, and he served as the primary point of contact in communicating with CMI about the Project on behalf of Star and Hopkins. *Id.* at ¶ 23.

---

[1] The facts are as stated in CMI's complaint.

1

Hopkins and Star obtained funding for the Project through a loan in the amount of $11,556,000 to cover construction costs and contingency for change orders (the "Loan"). *Id.* at ¶ 24. To obtain payment for its work, CMI submitted payment applications to Star each month. *Id.* at ¶ 29. Upon approval of the payment applications, Star and/or Hopkins would request the lender release funding from the Loan to pay CMI and its subcontractors. *Id.* at ¶ 32. After the lender released the funds, Hopkins issued checks to CMI and its subcontractors. *Id.* at ¶ 33. CMI submitted 26 payment applications in total for payment for its work. *Id.* at ¶ 34.

In connection with payment applications Nos. 22 and 23, defendants required CMI include certain additional costs, totaling $62,838.86, incurred by Hopkins and Star so that Hopkins and Star could receive reimbursement for these costs. *Id.* at ¶¶ 35, 42, 53. When defendants asked CMI to include the additional costs, defendants did not inform CMI they had made additional withdrawals from the Loan. *Id.* at ¶¶ 39, 47. CMI believed Hopkins and Star had only withdrawn $62,838.86 in total from the Loan and therefore expected the balance of the Loan would equal the contract balance at the end of the Project. *Id.* at ¶ 51.

In October 2015, however, CMI learned from Majmudar that Hopkins and Star had withdrawn approximately $550,000 from the Loan to pay other expenses, including interest on the financing obtained for the Project. *Id.* at ¶ 54. These additional withdrawals left the balance of the Loan significantly lower than the remaining contract balance. *Id.* Based on these facts, CMI alleges Majmudar, Star, and Hopkins committed fraud, claiming Majmudar knew, but failed to disclose to CMI, that at the time of the preparation of payment applications Nos. 22 and 23, Hopkins and Star had already withdrawn $550,000 from the Loan. *Id.* at ¶ 57. According to CMI, Majmudar intentionally concealed the additional withdrawals from CMI, misleading CMI into believing sufficient funds would remain to fulfill the Contract balance. *Id.* at ¶¶ 60-61.

CMI filed a complaint against defendants in the District of Maryland on June 22, 2016 alleging two counts: (1) fraudulent misrepresentation and (2) fraudulent concealment. (ECF No. 1). A few months prior to that filing, Star and Hopkins filed a complaint, which was removed to the District of Maryland, against CMI and its surety, alleging breach of contract arising from the same Project and Contract as this current case. (Civil No. 16-1246, ECF Nos. 1, 2). The breach of contract case was stayed pending the parties' voluntary participation in arbitration. (Civil No. 16-1246, ECF No. 12).[2] On August 1, 2016, Majmudar, Hopkins, and Star moved to consolidate the current fraud case, Civil No. 16-2309, with the breach of contract case, Civil No. 16-1246. (ECF No. 16). This court denied that motion in September of 2016, finding there was "at best a limited overlap of the issues presented" in the two cases. (ECF No. 22).

In October and November of 2016, defendants filed two motions, one by Star and one by Hopkins and Majmudar, to compel arbitration and stay this case, seeking to have the fraud claims joined in the parties' breach of contract arbitration. (ECF Nos. 25, 32). This court denied both motions, finding again "a limited overlap between the issues presented in the arbitration proceedings and the issues presented in this case." (ECF Nos. 36, 41). In February 2017, defendants appealed that ruling to the Fourth Circuit Court of Appeals, but voluntarily dismissed the appeal in July of 2017. (ECF Nos. 42, 46). Following the dismissal, the parties continued with discovery. On December 5, 2017, CMI filed a motion for voluntary dismissal without prejudice, which is currently pending. (ECF No. 60).

**STANDARD**

Under Federal Rule of Civil of Procedure 41(a)(2), a plaintiff may voluntarily dismiss an action without prejudice at any time with the court's approval. This rule's purpose is to freely

---

[2] By separate Memorandum and Order the arbitration award was confirmed in its entirety and judgment was entered in favor of CMI and against Star.

3

"allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The district court's primary focus in considering a Rule 41(a)(2) motion must be "protecting the interests of the defendant." *Id.* A plaintiff's motion for voluntary dismissal should be granted unless there is "plain legal prejudice to the defendant." *Ellett Bros. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). The prospect of a second lawsuit does not constitute prejudice to the defendant. *Davis*, 819 F.2d at 1274.

In the presence of plain legal prejudice to the defendant, a court may dismiss an action with prejudice, but doing so is considered "the most extreme sanction" and must be reserved for "the most egregious cases." *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("Mindful of the strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction, a court must…exercise its inherent power to dismiss with restraint…."); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978)) ("Dismissal with prejudice is ordinarily reserved for the most egregious cases.").

In assessing a Rule 41(a)(2) motion, district courts apply a non-exclusive, four-factor test. These factors include: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending." *Wilson v. Eli Lilly and Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (internal quotation marks and citations omitted).

## ANALYSIS

Plaintiff CMI moves for voluntary dismissal without prejudice. Defendants Majmudar, Star, and Hopkins do not object to dismissal, but request the action be dismissed with prejudice. This Court grants CMI's motion and dismisses this action *without prejudice*.

The four-factor test weighs in favor of granting CMI's motion and dismissing *without prejudice*. First, defendants' efforts and expenses in preparing for trial do not warrant dismissal with prejudice. Defendants have spent $200,000, a considerable sum of money, defending this case. (ECF No. 65, Majmudar Decl. ¶ 3). CMI claims defendants are at fault for the heavy legal expenses because defendants filed three consecutive motions with the same purpose and filed an appeal which they then voluntarily dismissed. (ECF No. 70, p. 4-7). Defendants, however, blame CMI for the high expenses, claiming CMI aggressively pursued discovery after allowing the case to lay dormant for a short period of time. (ECF No. 64, p. 11). From these arguments, it appears both parties are responsible for the cost of this litigation. Additionally, discovery in this case is still in document production; neither party has expended resources taking depositions or answering interrogatories. (ECF No. 64, p. 13). CMI also points out that the documents requested in this case largely overlap with those exchanged by the parties in arbitration; thus, the effort and expense expended on discovery in this case could have been curtailed by relying on that overlap. (ECF No. 70, p. 7-8). In light of these facts, defendants' efforts and expenses defending the case do not merit the extreme sanction of dismissing CMI's case with prejudice.

Second, CMI has exhibited diligence and has sufficiently explained its need for a dismissal. CMI received a billing from its attorneys in November of 2017 totaling the expenses of seeking to confirm the arbitration award in the parties' related breach of contract case. (ECF No. 61, Ex. 1). This court had not yet ruled on the arbitration award, and Star had not yet made

5

any payments to fulfill the Award. (ECF No. 61, p. 5-6). Faced with these circumstances, CMI concluded it is not financially capable of continuing this action. CMI exists only for the purpose of litigation relating to the Project; it has no ongoing construction work, employees, or revenue. (ECF No. 71, McAteer Decl. ¶ 7). CMI filed this motion just a few weeks after receiving the billing from its attorneys, showing diligence and a sufficient need for dismissal.

Finally, this case is still in discovery. No dispositive motions have been filed. Indeed, a trial date has not even been set. (ECF No. 56). This relatively early stage of litigation weighs in favor of voluntary dismissal without prejudice.

Beyond the four-factor test, defendants raise two additional unsuccessful arguments for dismissal with prejudice: (1) CMI's claims are frivolous and without merit and (2) CMI could re-file this action at a later date or use this case as leverage in the future. (ECF No. 64, p. 18). The motion at hand does not require this court reach the merits of CMI's underlying claims; however, this Court notes that defendants had the opportunity to file Rule 11 or Rule 12(b)(6) motions to address their concerns about CMI's claims, but did not do so. Additionally, the prospect of a second lawsuit does not constitute unfair prejudice to defendants in the context of a Rule 41(a)(2) motion. *See Davis*, 819 F.2d at 1274-75. Thus, there are no grounds on which to impose the extreme sanction of dismissing with prejudice, and defendants will not face "plain legal prejudice" from a dismissal without prejudice. *See Ellett Bros.*, 275 F.3d at 388. Additionally, there are no grounds for defendants to be awarded costs or expenses. Accordingly, CMI's motion is granted.

## CONCLUSION

For the aforementioned reasons, plaintiff CMI's motion for voluntary dismissal without prejudice (ECF No. 60) is granted. A separate order follows.

3/28/18
Date

_(signed)_
Richard D. Bennett
United States District Judge